### LIDE v. AMERICAN GUILD.

INSURANCE—TRUST.—FINDING that there was no trust in proceeds of insurance policy, affirmed, because, (1) There was as much evidence against the alleged trust as in its favor. (2) Defendants were entitled to the presumption arising from change of beneficiary, which was not rebutted; and (3) surrounding facts and circumstances support such finding.

Before GARY, J., Darlington, January, 1904. Affirmed.

Action by Edna E. Lide against American Guild, E. C. Lide and Elizabeth Martha Lide. From Circuit decree, plaintiff appeals.

*Mr. W. F. Clayton,* for appellant, cites: *The assignee of a life insurance policy takes subject to existing equities:* 59 S. C., 467. *Insured had legal right to make gift by parol:* 14 Ency., 2 ed., 1022, 1017, 1009. *Assignment void for want of consideration:* 61 S. C., 501.

*Messrs. Coggeshall & Edwards,* contra, cite: *As to right*

*of beneficiary in mutual benefit certificate:* 3 Ency., 2 ed., 990, 991, 992; 11 Atl. R., 84; 109 Mo., 560; 80 Ia., 287.

June 17, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for the purpose of having a trust declared in the proceeds arising from a policy of life insurance. The findings of the master were against the allegations of the complaint as to the alleged trust, and his Honor, the Circuit Judge, concurred in said findings.

The complaint alleges that Dargan P. Lide, the husband of the plaintiff, about the year 1897, became a member of the Knights of Damon, and insured his life with the same for the sum of $2,000, making the plaintiff the beneficiary; that about the latter part of the year 1900, the health of Dargan P. Lide failed, and he became a physical wreck, but continued to keep up his policy of insurance; that in this condition, E. C. Lide, a defendant herein, who was a brother of Dargan P. Lide, and between whom at the time there was an estrangement, proposed to Dargan P. Lide that if he would change the beneficiary to their sister, Elizabeth Martha Lide, he would pay the premiums, and in case of his death would see that his wife, the plaintiff, got the insurance money, after deducting his expenditures, and a reasonable compensation for his outlay; that relying upon the promise of E. C. Lide, and his assurance that he only desired the change that he might control the fund and pay himself, Dargan P. Lide made no further effort to keep up his premium, but had the beneficiary changed to the defendant, Elizabeth Martha Lide, and that the promise of his brother, E. C. Lide, was the only consideration for the change of beneficiary; that in making the change, it was with the understanding that Elizabeth Martha Lide, although named as the beneficiary, was in fact only a trustee, and entitled to none of the proceeds of the said policy.

In his report the master says: "There is practically but one issue in the case, and that is whether the change of bene-

ficiary in the alleged benefit certificate from Edna E. Lide, wife, to that of Elizabeth Martha Lide, sister, was made under an agreement entered into between E. C. Lide and Dargan P. Lide, as alleged in the complaint, to wit: that the substituted beneficiary, Elizabeth Martha Lide, was to hold the money payable under the benefit certificate, as trustee for the said Edna E. Lide. From the preponderance of the testimony and from the testimony of the plaintiff's own witnesses, who are of the highest standing, and whom I know personally, I am constrained to find that there was no such agreement made as alleged."

There are three reasons why this Court thinks the judgment of the Circuit Court in concurring with the master in his findings of fact should be affirmed.

1. The burden of proof rested on the plaintiff to establish the alleged trust by the preponderance of the evidence, and there was, at least, as much testimony on the part of even the plaintiff's witnesses against the alleged agreement as in its favor.

2. The defendants were entitled to the benefit of the presumption arising from the fact that the certificate showed upon its face that Elizabeth Martha Lide was the beneficiary, and this presumption was not rebutted by the plaintiff.

3. The facts and circumstances surrounding the change in the name of the beneficiary support said findings.

This conclusion practically disposes of all questions presented by the exceptions.

Judgment affirmed.